**HONEYWELL INTERNATIONAL INC. and Honeywell Intellectual Properties, Inc., Plaintiffs–Appellees,**

v.

**ABB INC., Defendant–Appellant,**

and

**ABB INC.-Bu Turbocharger and ABB Turbocharger Company, Defendants.**

No. 03–1448.

United States Court of Appeals, Federal Circuit.

July 9, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

## ON MOTION

LOURIE, Circuit Judge.

### ORDER

ABB Inc. moves to stay or vacate the preliminary injunction issued by the United States District Court for the Central District of California. Honeywell International Inc. and Honeywell Intellectual Properties, Inc. oppose. ABB replies.

Honeywell sued ABB for infringement of its patent related to turbochargers and moved for a preliminary injunction The district court granted the motion and stated:

Honeywell has demonstrated that it is likely to succeed on the merits of its case. Honeywell has a reasonable likelihood of successfully proving that ABB's TPS series turbocharger and its TPL 61 and 65 turbochargers infringe U.S. Patent NO. 5,193,989 ("the 989 patent"). Honeywell has established that ABB does not have a reasonable likelihood of rebutting the '989 patent's presumption of validity. In addition to the patent being presumed valid, the objective evidence of commercial success demonstrates that the '989 patent is strong.

Concerning ABB's other defenses, the district court stated:

Honeywell has also shown the likelihood that it will overcome ABB's defenses of fraud, laches, and equitable estoppel.

Those statements constitute the district court's findings and conclusions on the merits.

ABB appeals and argues that the district court's order should be vacated or stayed because the district court's findings and conclusions are insufficient. Honeywell argues that because the issues "were discreet, and the evidentiary underpinning for the findings is apparent from the record ... the Federal Circuit could review each finding, rendering the Order sufficient." We agree with ABB that the findings and conclusions are insufficient to support a preliminary injunction. Fed. R.Civ.P. 52(a) states:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds for its action."

In *Nutrition 21 v. United States,* 930 F.2d 867, 869 (Fed.Cir.1991), we reviewed the sufficiency of a preliminary injunction and stated:

Sufficient factual findings on the material issues are necessary to allow this court to have a basis for meaningful review.... Otherwise, this court has no basis for evaluating what facts entered into the district court's analysis or whether the district court's reasoning comports with the applicable legal standard. [Citations omitted.]

*See also Atlantic Thermoplastics Co., Inc. v. Faytex Corporation,* 970 F.2d 834, 837 (Fed.Cir.1992) (district court's conclusory statements were not sufficient to satisfy Fed.R.Civ.P. 52(a)); *Transmatic, Inc. v. Gulton Industries, Inc.,* 53 F.3d 1270, 1276 (Fed.Cir.1995) ("although the district court need not make elaborate findings on every factual issue raised, it must find and specify as many subsidiary facts as necessary to inform the reviewing court of the steps by which it determined factual issues and reached its ultimate conclusions").

An order merely stating a patentee's likelihood of success on infringement, the validity of a patent and the defendant's defenses is not sufficient. Thus, we vacate the order and remand to the district court for further proceedings. *Pullman–Standard v. Swint,* 456 U.S. 273, 291–92, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *ACS Hospital Systems, Inc. v.. Montefiore Hospital,* 732 F.2d 1572, 1578 (Fed.Cir.1984). The district court may, if it chooses, issue a new preliminary injunction accompanied by adequate findings and conclusions.

Accordingly,

IT IS ORDERED THAT:

(1) ABB's motion to vacate the preliminary injunction is granted and this case is remanded to the district court for further proceedings.

(2) ABB's motion to stay the preliminary injunction is moot.